Foster, J.
This is an appeal by the employer and insurance carrier (The State Insurance Fund) from so much of an award for disability and death benefits as exceeds the sum of $6,500. The award was made under former section 66 of the Workmen’s Compensation Law, which dealt with silicosis and other dust diseases (since repealed by chapter 431 of the Laws of 1947 and provisions covered elsewhere).
Decedent became disabled some time in September, 1944. He was first hospitalized in the Sun Mount Veterans’ Hospital, on November 21, 1944, and remained there until March 14, 1945. The following day, March 15, 1945, he entered the Veterans’ Hospital at Batavia, N. Y., and remained there until April 19, 1945, when he left against medical advice. He entered the E. J. Memorial Hospital, April 26, 1945, where he died on August 5, 1945. A physician testified that when he entered the last-named hospital he was 100% disabled.
The board has found that decedent was temporarily totally disabled from September 30,1944, to April 26,1945, and permanently totally disabled from April 26, 1945, to the date of his death. There is no proof in the record to.sustain the finding that decedent was temporarily totally disabled between the dates mentioned. There is proof that he was totally disabled when he entered the last-named hospital, and we should say that there was a presumption that he was then permanently totally disabled because he never left this hospital and died there the following August. The finding of temporary total disability appears to be based upon pure speculation.
We agree with the interpretation of the board that compensation may be given in a proper case for temporary total disability and permanent total disability in the same award. The language of the statute as it read at the time the award was made provided in part: “In no event shall such compensation exceed an aggregate total of five thousand dollars for temporary total disability and six thousand five hundred dollars for permanent total dis *646 ability.” (L. 1944, ch. 460, eff. April 1, 1944.) The use of the conjunctive “and” indicates a legislative intent to authorize payments for temporary .total disability to the limit of $5,000 and also, if the facts warrant, to payments for permanent total disability to a limit of $6,500.
The award in this case exceeded the sum of $6,500, and if there was proof of both forms of disability no complaint could be made because the total award is far below a combination of the two limits. The difficulty is that there is no proof of other than total permanent disability. From November 21, 1944, decedent was hospitalized continuously with the exception of seven days. Surely no inference of temporary total disability can be drawn from this fact; to the contrary it indicates quite strongly that he was permanently totally disabled.
The award should be reversed and the matter remitted to the Workmen’s Compensation Board for such action as it deems advisable, with costs to the State Insurance Fund.
All concur.
Award reversed and matter remitted to the Workmen’s Compensation Board, with costs to the State Insurance Fund.